**DISSENT; Opinion Filed April 28, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00205-CV**

**IN RE BYRON CURTIS COOK,**
**TRADE RARE, L.L.C., AND JOEL HOCHBERG, Relators**

**Original Proceeding from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-04885-2016**

## DISSENTING OPINION
Before the En Banc Court[1]
Opinion by Justice Schenck

I believe the Court improvidently granted reconsideration en banc in this case and has now erred in vacating the panel opinion and order denying relators mandamus relief from the trial court's order. I disagree that the trial court's order does (or could) constitute error, much less an abuse of discretion, or that the asserted error would be subject to mandamus relief under this Court's evolving understanding of the adequacy of appellate remedies, in any case. It is unclear to me why the Court would choose this case to convene en banc, to make new law concerning third-party-

---

[1] Myers, J., not participating.

designation practice in the face of explicit, contrary statutory directives, or to empower windmill-tilting defendants to delay and obstruct the course of proceedings in the trial court with mandamus actions that have no potential to reduce that defendant's ultimate responsibility to the plaintiff.

Because the legislature in enacting Chapter 33 explicitly empowered trial courts to evaluate and strike third-party designations both before and during trial, declared the Chapter inapplicable where, as here, the absent party's liability would be subject to a separate statutory apportionment regime, and the defendant could not show how its ultimate responsibility for any judgment would be reduced, why its interest would not be protected by seeking contribution, or how any apportionment would be binding on the absent defendant in any later action, I can see no basis for error or abuse of discretion. Likewise, I do not believe that the relators have shown the need for mandamus intervention. Accordingly, I dissent.

## AVAILABILITY OF MANDAMUS RELIEF

Mandamus is an extraordinary remedy granted only when the relator establishes an abuse of discretion by the trial court and an inadequate appellate remedy. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or, stated differently, when it acts without reference to guiding rules and principles. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). No specific definition captures the essence

of what constitutes an adequate appellate remedy. *See In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (per curiam) (orig. proceeding). The supreme court has consistently held, however, that mandamus relief is not appropriate to supervise or correct incidental rulings of a trial court when there is an adequate remedy by appeal. *See In re Entergy Corp.*, 142 S.W.3d 316, 320–21 (Tex. 2004) (orig. proceeding).

## DISCUSSION

### I. ABUSE OF DISCRETION AND APPLICATION OF CHAPTER 33, THE PROPORTIONATE RESPONSIBILITY STATUTE

While the plaintiff may decide who it will sue, Chapter 33 allows a defendant, under certain limited circumstances, to seek to designate an absent person or entity as a responsible third party to potentially reduce its own "responsibility" for any damages awarded. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.002–33.004. The defendant may also elect to join any absent third party who might be contingently liable to him. TEX. R. CIV. P. 38–40.

I presume that the trial court was also aware that our Constitution would prohibit application of any apportionment made at trial in this case to any party who was not joined to the action. *Blonder–Tongue Labs, Inc. v. Univ. of Ill.*, 402 U.S. 313, 328–29 (1971). Thus, relators' only conceivable interest in the designation would be, in keeping with the name of the act, to reduce their own initial "responsibility" to the plaintiff. The trial court was therefore required to determine whether Chapter 33 applied and, if so, whether relators' designation could affect

their ultimate responsibility.

In this case, neither the plaintiff nor the defendants brought any claim against Ken Paxton. Instead, relators sought to designate him as a potentially responsible third party under Chapter 33. In doing so, relators asserted he served as counsel to and as a manager and member of Unity Resources, L.L.C. ("Unity") and that he advised Unity on securities-regulation compliance and the adequacy of disclosures for the transaction at issue, and, thus, caused or contributed to the harm for which the real party in interest seeks to recover.

As the majority notes, the real party in interest has pleaded that it is the victim of securities fraud in connection with its purchase of a mineral interest from Unity. The real party in interest seeks to hold relators liable for "aiding and abetting"[2] Unity in the alleged fraudulent scheme. The trial court has determined that the mineral interest at issue in this case is a security. Thus, the real party in interest's claims fall within the purview of the Texas Securities Act. The trial court was presumably aware of this when, pursuant to section 33.004(g), it sustained the real party in interest's objection to relators' designation of Paxton under Chapter 33.

---

[2] The Texas Supreme Court has refused to recognize "aiding and abetting" as its own cause of action in tort. *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996). And, more recently the court has confirmed that a "civil conspiracy" is "not an independent tort." *Agar Corp. v. Electro Circuits*, 580 S.W.3d 136, 141–42 (Tex. 2019). Rather, it is a theory for imputing joint and several liability for the underlying claim. *Id.* Thus, this claim, to the extent it exists, is a procedural derivative of the alleged violation of the Texas Securities Act. *Cohen v. NewBiss Prop., L.P.*, No. 01-19-00397-CV, 2020 WL 6878414 *4 (Tex. App.— Houston [1st Dist.] Nov. 24, 2020, no pet.) (mem. op.). I accordingly agree with the majority that the claims here arise under the Texas Securities Act.

A.   *The Trial Court Was Not Obliged to Deny the Objection as a Matter of Law*

In reaching its conclusion the trial court abused its discretion in denying relators leave to designate Paxton as a potentially responsible third party, the majority focuses on the pleading requirements and buries consideration of the applicability of the proportionate responsibility statute in the first instance. Chapter 33 does not apply to all claims based in tort, however. In fact, Chapter 33 clearly does not to apply to statutory tort claims where the governing statute contains its own separate and conflicting legislative fault-allocation scheme. *See Sw. Bank v. Info. Support Concepts, Inc.*, 149 S.W.3d 104, 111 (Tex. 2004) (concluding proportionate responsibility statute does not apply to conversion claims under article 3 of the Uniform Commercial Code because article 3 has its own loss-allocation scheme); *Challenger Gaming Sols., Inc. v. Earp*., 402 S.W.3d 290, 296–97 (Tex. App.—Dallas 2013, no pet.) (concluding proportionate responsibility statute does not apply in fraudulent transfer cases because the Uniform Fraudulent Transfer Act contains comprehensive statutory scheme for recourse).

Like article 3 of the Uniform Commercial Code and the Uniform Fraudulent Transfer Act, the Texas Securities Act contains its own comprehensive loss-allocation scheme. *See* TEX. REV. CIV. STAT. ANN. art. 581-33(F). That scheme provides for joint and several liability for aiders and abettors, which appears to be at least potentially, if not directly, in conflict with Chapter 33's apportionment

–5–

scheme.[3]  Certainly, until this mandamus decision, no authority of this Court or the Texas Supreme Court had even suggested that the legislature's decision to attribute full financial accountability on "aiders and abettors" in the Texas Securities Act left open the contrary prospect of lesser responsibility under Chapter 33.

Consequently, as a matter of law, the trial court did not, indeed could not, abuse its discretion in granting the real party in interest's objection to relators' designation of Paxton as a potentially responsible third party.

B. *The Trial Court's Decision Could Not Result in an Improper Judgment or Amount to an Abuse of Discretion in Any Event*

The Texas Securities Act imposes liability on sellers or issuers of securities and, separately, provides for joint and several liability for any person who "directly or indirectly" "controls" a seller or issuer of a security that violated the Texas Securities Act.  TEX. REV. CIV. STAT. ANN. art. 581-33(F)(1).  Further, as noted, "aiders and abettors" are also jointly and severally liable where they aided another person in violating the Texas Securities Act with intent to deceive or defraud or with reckless disregard for the truth or the law.  *Id.* art. 581-33(F)(2).

Thus, in this case, if relators are found to be liable, whether as "control persons," "issuers," "sellers," or for "aiding and abetting," the legislature

---

[3] Relators claim the Houston First District Court of Appeals held Chapter 33 applies to Texas Securities Act claims in *Villarreal v. Wells Fargo Brokerage Services, LLC*, 315 S.W.3d 109, 125 (Tex. App.— Houston [1st Dist.] 2010, no pet.).  Relators' reliance on *Villarreal* for this proposition is misplaced as the court reached that conclusion only based upon the defendants' failure to argue in their summary judgment motion that the subject statutes contained a separate and conflicting legislative fault allocation scheme.  *Id.*

consciously and separately decreed that they would be responsible for all damages the jury awards. Within the comprehensive terms of the Texas Securities Act, the legislature could thus readily be understood to have intended that *all* involved with a fraudulent securities scheme should be fully responsible to the plaintiff victim with any claim for contribution or indemnity preserved. In all events, any defendant found liable under the Texas Securities Act would be fully liable *to the plaintiff* in the original action. Relators cite no authority approving, much less requiring, a trial court to allow a third-party designation that could not possibly reduce the designating party's ultimate liability to the plaintiff. *See Bounds v. Scurlock Oil*, 730 S.W.2d 68, 72 (Tex. App.—Corpus Christi–Edinburg 1987, writ ref'd n.r.e.) (failure to submit apportionment question cannot possibly result in rendition of improper judgment unless it could affect the judgment).

Moreover, and regardless of whether the law here so clearly called for the application of Chapter 33 as to warrant mandamus intervention, even that proportionate responsibility statute allows the trial court discretion to strike the designation at the objection stage of the designation process. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(g). The majority holds it was an abuse of discretion for the trial court to strike relators' designation at the objection stage, but it does not say why. Instead, the majority focuses on the notice pleading standard and punts the ultimate determination of the efficacy of the designation down the road by noting there are additional channels for contesting the designation, including an objection

to the non-party's inclusion in the jury charge.

I recognize that a trial court might later decline to submit a question concerning a third party's responsibility, but this begs the question of why the legislature would specifically authorize the trial court to exercise that same discretion earlier by striking the designation upon objection of a party. If sustaining the objection at that stage is too early, as the majority seems to believe, and thus constitutes an abuse of discretion subject to interlocutory mandamus correction, what discretion would the trial court be left with in considering an objection pursuant to the proportionate responsibility statute?

I believe the trial court should be able to exercise its discretion to strike the designation at the objection stage when the moving party fails to show either the clear applicability of Chapter 33 or that the designation could lead to any conceivable reduction in the movant's ultimate responsibility to the plaintiff. Because relators failed to make either showing, our intervention and finding of abuse of discretion at this stage appear improper to me.

## II.    ADEQUATE REMEDY BY APPEAL

Had the trial court abused its discretion in denying relators leave to designate Paxton as a responsible third party, relators would be required to demonstrate that they lack an adequate remedy by appeal. As discussed below, the Texas Supreme Court has recognized mandamus as appropriate in other cases involving third-party designations, but its decision is hardly on all fours with our posture and cannot be

read to unvaryingly disallow a trial court to strike an *improper* designation on account of the ability to do so later. Moreover, the result in this case seems at odds with our own more recent jurisprudence with respect to the harm a defendant must show relative to its damages case at trial in order to warrant the conclusion that a subsequent appeal will be inadequate. *See In re Parks*, No 05-19-00375-CV, 2020 WL 774107, at \*2 (Tex. App.—Dallas Feb. 18, 2020, orig. proceeding [mand. pending]) (mem. op.).

As noted, a jury's findings as to the relators' liability would (or at least may) not be impacted by any apportionment of responsibility to Paxton due to the Texas Securities Act's explicit and comprehensive selection of a joint and several liability scheme—and certainly not so clearly as to warrant a finding of abuse of discretion at this stage. Having elected not to join him as a party here, relators would also have no right to employ any of the jury's finding as to Paxton's accountability. On appeal from a final judgment, relators would thus be in same position they are today and would have suffered no cognizable harm. The only difference would be they would be able to present a complete record and the potential for the appeal to be mooted if relators prevail at trial.

The notion that every potential error in striking a designation of a responsible third party is subject to mandamus correction ignores the fact that trial courts, no less than appellate courts, are obliged to analyze cases on an individual basis and if no potential harm has occurred, as is the case here, the matter should be at an end,

because no relief will be warranted below or here⸺whether by mandamus or appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 137 (Tex. 2004).

The majority relies on an earlier panel opinion, *In re Molina*, which, in turn, applies the holding of *In re Coppola*, 535 S.W.3d 506, 509–10 (Tex. 2017) (orig. proceeding), that an erroneous denial of a motion for leave to designate a responsible third party potentially affects the litigation's outcome and ordinarily renders the appellate remedy inadequate. 575 S.W.3d 76, 79 (Tex. App.—Dallas 2019, orig. proceeding). Of course, *Coppola* also provided that mandamus relief is *not* available unless there is a clear abuse of discretion, which does not exist here. *Coppola*, 535 S.W.3d at 508. *Molina* was a personal injury case arising from a multi-vehicle collision. *Coppola* involved a claim of fraud in connection with the sale of real estate. Chapter 33 thus clearly applied in both cases, and the third-party designations presented the relators with at least some possibility of reducing the named defendants' ultimate liability to the plaintiffs. Such is not the case here, and certainly in my view, not so clearly as to warrant our intervening on a request for mandamus relief.

In all events, the majority's conclusion concerning the inadequacy of a remedy on appeal in this case—where the defendants remain fully able to resist any damages sought and to pursue contribution from others—is difficult to square with this Court's contrary determination in *In re Parks*—that a defendant who is completely disabled from offering any evidence on the amount of damages he will be required

–10–

to pay—could be adequately addressed on appeal.[4] *In re Parks*, 2020 WL 774107, at \*2.

## III. Access to Court Proceedings and Records

I appreciate and generally share the concerns Justice Smith raises in his concurrence. I agree that we should be ever-mindful of the public's right of access to judicial proceedings, not just those of the trial courts. I would note, however, that this right is grounded in the public's interest in understanding the basis for judicial decisions and assuring their fidelity to the rule of law. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). That interest, as the Supreme Court has stressed, is paramount in any subsequent question of the scope of the right of access, *see Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1052 (1991) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)), and would thus apply to materials filed with the court insofar as they might have played a role in a judicial decision. *In re Policy Mgmt. Sys. Corp.*, Nos. 94-2254 and 94-2341, 1995 WL 541623, at \*4 (4th Cir. Sept. 13, 1995); *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1299 n.7 (7th Cir. 1980).

Thus, the public right of access generally does not apply to "raw fruits" of discovery that have neither been filed with the court, *Seattle Times*, 467 U.S. at 33 n.19, nor simply deposited with the clerk, but that could not have been considered by the court in arriving at a decision. *Policy Mgmt. Sys. Corp.*, 1995 WL 541623,

---

[4] I note I did not agree with that conclusion and issued a dissenting opinion from the denial of en banc reconsideration in that case. *See In re Parks*, 603 S.W.3d 454 (Tex. App.—Dallas 2020, orig. proceeding) (Schenck, J., dissenting).

at *4.  In all events, I believe the issue is best left at this stage to the trial court or the supreme court.

CONCLUSION

I do not believe this case warranted en banc reconsideration as the panel opinion did not depart from the mandamus standards.  Moreover, in my view, the majority has reached incorrect conclusions with respect to the controlling questions of whether the trial court abused its discretion and of the adequacy of the remedy by subsequent appeal.  Accordingly, I dissent from the decision to grant en banc reconsideration of this case and from the majority's decision.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


200205DF.P05